### MINFORD et al. v. MOORE & McCORMACK CO., Inc.

(District Court, S. D. New York. October 10, 1922.)

**Customs and usages ⊚⇒13—Contract for shipment of "sugar in bags" held limited by custom to granulated sugar.**

Where, in the exportation of sugar from the port of New York, "sugar in bags" was understood by shippers to mean granulated sugar in bags, a contract for the shipment of "sugar in bags" must be interpreted in the light of this understanding, and did not cover cube sugar in bags, which was customarily carried at ship's option weight or measurement.

In Admiralty. Libel on a contract of affreightment by Lewis W. Minford and others, doing business as Minford, Leuder & Co., against the Moore & McCormack Company, Inc. Libel dismissed.

Burlingham, Veeder, Master & Fcarey, of New York City (Ray Rood Allen, and H. C. Field, both of New York City, of counsel), for libelants.

William Hayward, U. S. Atty., of New York City (Horace T. Atkins, Sp. Asst. Atty. Gen., of counsel), for respondent.

HAZEL, District Judge. Libelants, who are exporters of sugar, and respondent, Moore & McCormack Company, Inc., who operate the steamship Jekyl, owned by the United States Shipping Board, entered into two contracts of affreightment for shipment aboard the steamship from New York to Montevideo of 7,500 bags of sugar at the carrying rate of $30 per ton of 2,240 pounds. Upon learning soon afterwards from custom house declarations that libelant intended shipping in bags cube sugar and not granulated sugar, the respondent immediately notified libelant that cube sugar in bags was not a proper tender under the agreement, and refused to convey the granulated sugar, unless libelant would pay the prevailing rate on cube sugar in bags, amounting to $25 per ton ship's option weight or measurement. This libelant declined to do. It shipped its cube sugar in bags by another steamship company, paying the same rate exacted by the respondent. The evidence shows that the carrier refused to accept the shipment, because cube sugar in bags has more bulk per ton weight than granulated sugar in bags, and stows differently, requiring more

space. It is also shown that the Shipping Board tariff in force at the time of making the arrangement was $25 per ton for cube sugar in bags, the ship's option weight or measurement.

Libelant contends that, since sugar is concededly a generic term, "bags of sugar" must be construed to include either cube sugar in bags or granulated sugar in bags. There was evidence that sometimes libelant had shipped from New York cube sugar under freight contract merely specifying sugar in bags, yet the witnesses admitted on cross-examination that in 1919 shipments of cube sugar were customarily carried at ship's option weight or measurement. Indeed, it is fairly shown that in the exportation of sugar from the port of New York "sugar in bags" was understood by shippers to mean granulated sugar in bags. The contract must therefore be interpreted in the light of the understanding of the trade, and in my opinion the affreightment, merely specifying sugar in bags, referred to and was intended by the parties to mean granulated sugar in bags, and not cube sugar in bags. This determination finds support, I think, in Warren v. Peabody, 8 C. B. 80, 19 L. J. C. P. 43, where it appeared that "Indian corn or other grain" was specified in the contract at the rate of 11s. per quarter of 480 pounds, but where the shipper loaded aboard the vessel 2,000 bushels of oats. The evidence showed that the Indian corn or wheat would occupy only 10½ cubic feet of cargo space, while the oats, weighing about 272 pounds, required 16 cubic feet. In that case the learned court said:

"We think that the clause, when speaking of 'Indian corn or other grain,' must be construed to mean other grain, exclusive of oats, which are a description of grain but recently the subject of exportation from America to England."

It is also urged by respondent, in view of the circumstances, that the minds of the contracting parties failed to meet; but, since I think that the contract of affreightment, in view of the custom of the port and the existing conditions at the time of shipment, should be read to include the word "granulated" sugar in bags, this point may be passed.

The libel should be dismissed, with costs.